LEONARD E. PORTER *vs.* LEWIS M. THOMPSON.

Penobscot County.    Decided January 26, 1911.    Action on the case for an alleged malicious prosecution.    Verdict for plaintiff for $485.    The rescript states as follows :    "The defendant held a mortgage of the plaintiff's farm to secure the payment of notes amounting to $600, on which $500 was still due.    One of those notes for $250 was not paid at maturity and the defendant proceeded to foreclose by taking possession in the presence of witnesses.    The mortgagor had not finished gathering his crop of potatoes and continued harvesting them after the entry for foreclosure, against the protest of the defendant, who finally caused the plaintiff's arrest

for larceny acting, as he claims, under legal advice. The criminal proceedings were dismissed and this suit followed.

"The propositions which the jury must have found sustained by the evidence are :

"1. That the criminal process was terminated in favor of the plaintiff before this suit was commenced.

"2. That the defendant instigated the process maliciously.

"3. That he acted without probable cause.

"The first proposition is conceded. Upon the second proposition it was not necessary for the plaintiff to prove express malice in the popular signification of the term, that is, to prove that the defendant acted from motives of ill will, resentment, hatred or revenge. In a legal sense any unlawful act done wilfully and purposely to the injury of another, as against that person, is malicious, and in actions of malicious prosecution it is sufficient for the plaintiff to prove malice in this enlarged legal sense. It may even be inferred from want of probable cause.

"Upon the third proposition, it is settled that the advice of counsel is not per se a defense against the charge of want of probable cause. The questions whether the defendant submitted to reputable and disinterested counsel all the facts known to him, or that he would have known by careful inquiry, whether counsel advised that those facts made out a defense, and whether the defendant in all respects acted in good faith, were questions of fact for the jury.

"A careful study of the evidence, which it would not be profitable to discuss in detail, fails to convince the court that the verdict is clearly wrong upon the question of malice or want of probable cause. The case was perhaps close, but the jury's finding should stand.

"The damages awarded, however, are clearly excessive. Taking into account all the legal elements involved it is the opinion of the court that a verdict of one hundred dollars would have been ample. Motion sustained and verdict set aside unless the plaintiff files a remittitur of all the verdict above one hundred dollars within thirty days after the filing of this certificate of decision." *L. B. Waldron*, for plaintiff. *W. S. Brown*, and *J. H. Haley*, for defendant.